UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA INES ZAZUETA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:20-cv-00749-CDB  (SS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 24) |

Pending before the Court is the motion of Steven G. Rosales, counsel for Plaintiff, for an award of attorney fees in the amount of $14,443.00.  (Doc. 24).[1]  Defendant filed a response in which he asserts that any order granting the requested award should require counsel for Plaintiff to refund the previously awarded Equal Access to Justice Act (EAJA) fee of $4,800.00. (Doc. 27 p. 5).

On September 21, 2021, the Court granted Plaintiff's request for judicial review and remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20).  On remand, Plaintiff was awarded past due Title XVI benefits in the amount of $57,772.73.  (Doc. 24 p. 3).

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action and the action was reassigned to the undersigned on October 18, 2022. (Docs. 10, 25).

Pursuant to a retainer agreement between Plaintiff and her attorney (Mr. Rosales), Plaintiff agreed to pay to her attorney 25 percent of any past-due benefits won as a result of the appeal in this case. (Doc. 24-1). The award sought by counsel for Plaintiff in the pending motion equals 25 percent of the past due benefits awarded to plaintiff. *See* Doc. 24 p. 5. Counsel for Plaintiff attests he spent 23.95 hours litigating this case. (Doc. 24 p. 3, p. 9 ¶ 5).

42 U.S.C. § 406 (b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

"The award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits." *Russell v. Sullivan*, 930 F.2d 1443, 1146 (9th Cir. 1991). However, the 25 percent statutory maximum is not an automatic entitlement; the Court must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this Court remanded this case for further proceedings, Plaintiff was found disabled since November 1, 2013, and the Commissioner awarded her $57,772.73 in past due benefits. The Commissioner withheld from that award $14,443.18, which represented 25 percent of the award, for attorney fees. (Doc. 24 p. 3). The amount requested by counsel here, $14,443.00 represents an hourly rate of approximately $603 per hour. (*Id*. at p. 6). Counsel did not delay these proceedings, and his representation of Plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court and obtained a favorable outcome. Based on

the risk of loss taken in representing Plaintiff, counsel's experience in the field of Social Security law, and the results achieved in his case, the court finds that the fee request is reasonable. *See Barron v. Comm'r of Soc. Sec.*, No. 2:19-cv-0119-EFB, 2023 WL4848492, at *2 (E.D. Cal. July 28, 2023) (awarding fees at effective hourly rate of $750) (citing cases); *Ramirez v. Kijakazi*, No. 1:20-cv-00515-GSA, 2023 WL 4626643, at *2 (E.D. Cal. July 19, 2023) (awarding fees at effective hourly rate of $672) (citing cases).

An award of Section 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $4,800.00. (Doc. 23). Therefore, as Plaintiff's counsel acknowledges, any Section 406(b) fees must be offset by $4,800.00 and refunded to Plaintiff.

## CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff's Motion for Attorney's Fees (Doc. 24) pursuant to Section 406(b) is GRANTED.
2. The Commissioner shall certify a payment of a gross award in the amount of $14,443.00 to the Law Offices of Lawrence D. Rohlfing, Inc., CPC.
3. The Law Offices of Lawrence D. Rohlfing, Inc., CPC shall refund to Plaintiff Rosa Ines Zazueta EAJA fees previously awarded in the amount of $4,800.00.

IT IS SO ORDERED.

Dated: **August 4, 2023**

UNITED STATES MAGISTRATE JUDGE